UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARRAM CORP.,

   Plaintiff,

v.            Case No: 2:18-cv-204-FtM-38MRM

SCOTTSDALE INSURANCE
COMPANY,

   Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant Scottsdale Insurance Company's Motion to Dismiss and Strike (Doc. 3). Marram Corp. filed a Response in Opposition. (Doc. 14). Scottsdale then filed a Reply. (Doc. 15). This matter is ripe for review.

## BACKGROUND

This is a breach of insurance contract case. (Doc. 2). Marram and Scottsdale entered into an insurance policy ("Policy") that covered Marram's property. (Doc. 2 at ¶¶ 6-7). Thereafter, Marram's property suffered water damage. (Doc. 2 at ¶ 8). Marram notified Scottsdale of the damage, but Scottsdale declined to fully indemnify Marram.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Doc. 2 at ¶¶ 8-9). As a result, Marram was unable to repair the property and sold it at a loss. (Doc. 2 at ¶ 11). Marram then sued Scottsdale for breach of contract. (Doc. 2). Scottsdale now moves to dismiss the Complaint or, in the alternative, moves for a more definite statement and to strike Marram's demand for loss of market value and attorney's fees. (Doc. 3). For the following reasons, the Court will grant the Motion in part and deny it in part.

## STANDARD OF REVIEW

### A. 12(b)(6) Motion to Dismiss

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must allege sufficient factual allegations to raise a claim above the speculative level. *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simple labels and conclusions are insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Id.* In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations as true but is not required to accept legal conclusions as true. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From there, a court must determine whether the factual allegations give rise to a plausible claim. *Id.*

### B. 12(f) Motion to Strike

Under Rule 12(f), a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are used "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Ottesen v. St. Johns River Water Mgt. Dist.*, 6:14-CV-1320-ORL-31, 2015 WL 2095473, at *1 (M.D. Fla. May 5, 2015) (internal quotations omitted).

But "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

## DISCUSSION

### A. Motion to Dismiss

Scottsdale moves to dismiss the Complaint because it contains insufficient factual allegations. (Doc. 3 at 1). Marram argues it pled a plausible claim and Scottsdale is already aware of the source and nature of the water damage. (Doc. 14 at 2-3). The Court disagrees.

Under Florida law, a breach of contract claim requires (1) the existence of a valid contract; (2) a material breach; and (3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). Here, Marram's Complaint contains insufficient factual allegations to establish a plausible claim. To illustrate, Marram alleges that after the parties entered into the Policy, the property "sustained damage . . . as a result of water . . . ." (Doc. 1 at ¶¶ 6-8). Marram never identifies the source or nature of the water damage. It instead formulaically states that the water damage was covered by the Policy. (Doc. 1 at ¶¶ 8, 10). Marram must allege additional factual allegations associated with its claim to meet the federal pleading requirements.

To the extent Marram seeks to rely on Scottsdale's outside knowledge to remedy the Complaint deficiencies, the Court finds that argument unavailing. A court's review of a motion to dismiss is limited to the four corners of the complaint. *See e.g. Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) ("limiting [ ] review to the four corners

of the complaint."). And a defendant's potential knowledge of non-pled facts does not obviate the pleading requirements under Rule 8. So the Court will dismiss the Complaint with leave to amend.

Scottsdale also argues Marram's failure to attach the Policy to the Complaint is grounds for dismissal. The Court disagrees. A plaintiff is under no obligation to attach the insurance policy on which its action is based. *See Beacon Indus. Staffing, Inc. v. Natl. Union Fire Ins. Co. of Pittsburgh, P.A.*, 8:13-CV-1715-T-30MAP, 2013 WL 5231481, at *2 (M.D. Fla. Sept. 16, 2013); *Yencarelli v. USAA Cas. Ins. Co.*, 8:17-CV-2029-T-36AEP, 2017 WL 6559999, at *2 (M.D. Fla. Dec. 22, 2017).

### B. Motion to Strike

Scottsdale moves to strike Marram's damages demand for "loss of market value." (Doc. 3 at 8-10). Scottsdale argues that the clear and unambiguous terms of the Policy limit Marram's recoverable damages, which do not include "loss of market value." (Doc. 3 at 4). Marram contends it is entitled to damages arising naturally from the breach. (Doc. 14 at 4-5). In particular, Marram seeks loss of market value for the sale of the property, which it characterizes as consequential damages, because it had to sell the property in an unrepaired state after Scottsdale refused to fully indemnify it. (Doc. 14 at 4-5). In reply, Scottsdale argues that loss of market value was not in contemplation of the parties at the time of the Policy and thus Marram may not seek such consequential damages. (Doc. 15).

Against that backdrop, the Court turns to the relevant issue: whether the loss of market value demand should be stricken as redundant, immaterial, impertinent, or scandalous matter. *See* Fed. R. Civ. P. 12(f). In Florida, consequential damages are

4

available in a breach of contract action for failure to comply with the terms of an insurance policy. *See e.g. Trident Hosp. Fla., Inc. v. Am. Econ. Ins. Co.*, 608CV289ORL22GJK, 2008 WL 11334515, at *2 (M.D. Fla. May 30, 2008) (internal quotations omitted). The availability of such damages is a fact intensive inquiry. *See Hutchings v. Fed. Ins. Co.*, 6:08-CV-305-ORL-19KR, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008).

Scottsdale primarily relies on two cases to support its argument. *See Siegle v. Progressive Consumers Ins. Co.*, 788 So. 2d 355 (Fla. 4th DCA 2001) (holding that the insurer was not required to complete a repair to the insured's automobile and then pay the diminished value of the automobile after repair); *Rezevskis v. Aries Ins. Co.*, 784 So. 2d 472, 474 (Fla. 3d DCA 2001) (finding "the diminished value resulting from damage not susceptible to repair or replacement does not fall within the insurer's obligation under the policy."). These cases stand for the proposition that an insurer, under a repair or replace insurance policy provision, has no duty to cover diminution in value of an automobile not subject to repair or replacement. But the Court is unconvinced that these cases necessitate striking a loss of market value demand as possible consequential damages resulting from a breach of an insurance policy for failure to fully indemnify. A more fully developed record will help in clarifying this issue. Because Scottsdale has not met its burden to establish such a demand as redundant, immaterial, impertinent, or scandalous matter, the Court will deny the motion on those grounds.

Scottsdale also moved to strike Marram's request for attorney's fees under Florida Statute § 627.428. Marram agreed to amend this section to cite the proper provision under Florida law. (Doc. 14 at n. 1). As such, the Court will grant this portion of Scottsdale's Motion.

Accordingly, it is now

**ORDERED:**

1. Defendant Scottsdale Insurance Company's Motion to Dismiss and Strike (Doc. 3) is **GRANTED in part and DENIED in part.** Plaintiff Marram Corp.'s Complaint is **DISMISSED without prejudice.**

2. Plaintiff shall have up to and including **August 17, 2018** to file an amended complaint that includes additional factual allegations and cites the proper Florida statute for attorney's fees.

3. Defendant shall file a response to any amended complaint on or before **August 31, 2018.**

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record