UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARRAM CORP.,

    Plaintiff,

v.                                                  Case No:   2:18-cv-204-FtM-38MRM

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION[1]**

Pending before the Court is Defendant Scottsdale Insurance Company's Amended Motion to Compel Appraisal and Abate All Proceedings, filed on May 2, 2018.  (Doc. 20). Plaintiff Marram Corp. filed a Response in Opposition to Defendant's Motion to Compel Appraisal and Abate All Proceedings on May 23, 2018.  (Doc. 27).  Defendant filed a Reply on June 6, 2018.  (Doc. 30).  This matter is ripe for review.

For the reasons explained below, the Undersigned respectfully recommends that Defendant's Motion to Compel Appraisal and Abate All Proceedings be **GRANTED**.

**I.     Background**

Plaintiff and Defendant entered into an insurance contract that was in effect on July 31, 2017. (Doc. 2 at 2).  On July 31, 2017, Plaintiff's property, covered by the insurance policy,

---

[1] Disclaimer:  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

sustained water damage. (*Id.*). Defendant admitted coverage, inspected the property, and made payments to Plaintiff totaling $102,619.87. (*Id.*; Doc. 20 at 2). Plaintiff sold the property on December 29, 2017. (Doc. 2 at 2). On February 14, 2018, Plaintiff filed suit in Florida state court alleging that Defendant failed to fully indemnify Plaintiff for its losses under the policy. (*Id.*).

On March 20, 2018, Defendant's counsel sent a letter to Plaintiff's counsel notifying Plaintiff of Defendant's intent to invoke an appraisal provision within the policy. (Doc. 20-1). This provision allows either party to invoke appraisal if a dispute regarding the amount of loss arises. (Doc. 3-1 at 68; *see also* Doc. 20 at 1). The provision states:

> Appraisal. If you and we disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Doc. 3-1 at 68).

On March 27, 2018, Defendant removed this action from state court, (Doc. 1), and simultaneously filed a Motion to Dismiss or, in the Alternative, Motion for More Definite Statement and to Strike Demands for Damages for Lost [sic] of Market Value [and] for Attorney's Fees, (Doc. 3). Notably, Defendant indicated its intention to file a Motion to Compel Appraisal in the Motion to Dismiss. (*Id.* at 1 n.1).

On April 23, 2018, Defendant filed a Motion to Compel Appraisal and to Abate All Proceedings Pending Completion of Appraisal. (Doc. 16). The Motion was denied without prejudice for failure to comply with Local Rule 3.01(g). (Doc. 17). Defendant filed the instant Amended Motion to Compel Appraisal and Abate All Proceedings Pending Completion of Appraisal on May 2, 2018. (Doc. 20).

During the May 22, 2018 Preliminary Pretrial Conference, Defendant informed the Court that the dispositive motions were filed before the instant Motion because a ruling on the Motion to Strike Damages would determine the scope of the appraisal if the Court ultimately enters an order compelling appraisal. (Doc. 24; *see also* Doc. 26; Doc. 30 at 3). Additionally, Defendant asked the Undersigned at the Preliminary Pretrial Conference to postpone ruling on the instant Motion until after the resolution of the dispositive motions. (Doc. 26). Plaintiff voiced no objections to this proposed schedule. (*Id.*). The Undersigned therefore agreed to postpone recommending a resolution of the instant Motion until the pending dispositive motions were resolved. (*Id.*).

On August 6, 2018, this Court granted in part and denied in part Defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement and to Strike Demands for Damages for Lost [sic] of Market Value for Attorneys' Fees and Incorporated Memorandum of Law. (Doc. 31 at 6). Although the Court disagreed with Defendant's contention that Plaintiff's failure to attach the relevant insurance policy to the Complaint warranted dismissal, the Court did find that Plaintiff's Complaint contained insufficient factual allegations to establish a plausible claim and dismissed the Complaint with leave to amend. (*Id.* at 4). The Court denied Defendant's Motion to Strike Plaintiff's damages demand for loss of market value, determining that any such loss could constitute consequential damages and that, because "[t]he availability of

such damages is a fact intensive inquiry," a more fully developed record is needed before the issue may be resolved.  (*Id.* at 5).  Finally, the Court granted Defendant's Motion to Strike Plaintiff's Request for Fees with leave to amend.  (*Id.* at 6).

On August 17, 2018, Plaintiff filed an amended Complaint, in which it included additional factual allegations regarding the source of the water damage, *i.e.*, a plumbing leak, and included the statutory basis for its request for attorneys' fees.  (Doc. 32).

## II.     Legal Standard

"In Florida, appraisal provisions contained within insurance policies are generally treated the same as arbitration provisions."  *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016).  Thus, "motions to compel appraisal should be granted whenever the parties have agreed to the provision."  *Id.* (citing *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1102 (Fla. 3d Dist. Ct. App. 1994)).  Additionally, "enforcement of appraisal provisions are preferred over lawsuits 'as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.' "  *Id.* (quoting *First Protective Ins. Co. v. Hess*, 81 So. 3d 482, 485 (Fla. 1st Dist. Ct. App. 2011)).

A party may, however, waive the right to appraisal if the party maintains a position that is inconsistent with the appraisal remedy or participates in extensive litigation and discovery.  *See Bullard Bldg. Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 8:06-cv-1194T-27MSS, 2006 WL 2787850, at *1 (M.D. Fla. Sept. 26, 2006) (citing *Gray Mart, Inc. v. Fireman's Fund Ins. Co.*, 703 So. 2d 1170, 1172 (Fla. 2005); Shoma Dev. Corp. v. Rodriguez, 730 So. 2d 838 (Fla. 3d Dist. Ct. App. 1999)).

**III.     Analysis**

Here, Defendant seeks to compel enforcement of the appraisal provision contained within Plaintiff's insurance policy. (Doc. 20 at 5). Defendant asserts that it has properly invoked the appraisal provision contained within the policy. (*Id.* at 1). Moreover, Defendant contends that appraisal is mandatory to resolve a dispute as to the amount of the loss. (*Id.*).

In response, Plaintiff does not contest the validity or existence of the contract or appraisal provision within the contract. (*See* Doc. 27). Instead, Plaintiff offers two reasons why the appraisal provision should not be enforced. (*Id.* at 2-3). First, Plaintiff argues that Defendant waived its right to seek appraisal by acting inconsistently with the appraisal process. (*Id.* at 2). Second, Plaintiff contends that appraisal has become unnecessary and impossible because the property was sold. (*Id.* at 3).

The Undersigned addresses Plaintiff's specific objections in turn.

**A.     Whether Defendant Waived the Right to Demand Appraisal**

First, Plaintiff contends that Defendant waived its right to seek appraisal by acting inconsistently with the appraisal process. (Doc. 27 at 2-3). More specifically, Plaintiff argues that "Defendant has engaged in activity, including removing this case to federal court, and moving to dismiss the complaint and striking the types of damages requested by the Plaintiff, which contradicts and is inconsistent with its request for appraisal." (*Id.* at 1). Plaintiff also criticizes Defendant for "engag[ing] in the meet and confer requirements for the case management report." (*Id.* at 3).

Both parties rely on *Bullard Building Condominium Ass'n, Inc.*, 2006 WL 2787850, at *1, in addressing the issue of waiver. (*See* Doc. 20 at 3-4; Doc. 27 at 3; Doc. 30 at 3-4). In *Bullard*, the Court denied an insurer's post-removal motion to dismiss but granted an alternative

motion to abate and to compel appraisal. 2006 WL 2787850, at *1.  In so doing, the Court noted that while the insurer could have invoked the appraisal process earlier, the appraisal provision was silent as to when the party invoking appraisal was required to do so.  The Court found that the insurer's conduct was not inconsistent with the appraisal remedy even though the insurer had simultaneously filed an Answer and a Motion to Dismiss or, Alternatively, to Abate and to Compel Appraisal forty-seven days after removing the case from state to federal court.  In reaching this conclusion, the Court specifically relied on the fact that there had not been extensive litigation or discovery and on the fact that the insurer had promptly filed its motion to compel appraisal.  *Id.*

Plaintiff cites to *Bullard* for the general proposition that "[t]he right to an appraisal may be waived if a party maintains a position inconsistent with the appraisal remedy." (Doc. 27 at 2 (quoting *Bullard*, 2006 WL 2787850, at *1)).  Defendant relies on *Bullard* to support its contention that appraisal need not be invoked at any particular time, so long as the party invoking appraisal does not engage in conduct that is inconsistent with the appraisal remedy, does not engage in extensive discovery, or otherwise extensively litigate the action.  (Doc. 20 at 4; Doc. 27 at 4).

Plaintiff takes issue with Defendant's reliance on *Bullard*, however, arguing that it is factually distinguishable from the present case because unlike in *Bullard*, where appraisal was invoked simultaneously with the filing of the Answer, here, "the motion to dismiss and to compel appraisal were filed nearly one month and one half apart," and because "Defendant, unlike *Bullard*, did not file a simple motion for a more definite statement.  Instead, it filed a motion asking for affirmative relief against Plaintiff in the form of striking the types of damages requested by Plaintiff." (*Id.* at 2-3).  Plaintiff concludes, therefore, that Defendant's actions—

6

particularly the filing of the Motion to Dismiss—have been inconsistent with the appraisal remedy.  (*Id.* at 3).

For its part, Defendant maintains that it has not engaged in discovery or extensive litigation in the instant case and has, therefore, sufficiently preserved its right to invoke appraisal.  (Doc. 20 at 3-4; Doc. 30 at 2-4).  According to Defendant, *Bullard* holds that appraisal can still be invoked after removal and after denial of a motion for a more definite statement.  (*See* Doc. 20 at 4 (citing *Bullard*, 2006 WL 2787850, at *1)).  Defendant further asserts that it has not acted inconsistently with the appraisal remedy because it has repeatedly stated its intention to compel appraisal.  (*Id.* at 2-3; Doc. 30 at 3 (citing Doc. 3 at 1; Doc. 15 at 1; Doc. 21 at 7-9)).

The Undersigned finds that Defendant has not acted inconsistently with the appraisal process.  First, Defendant's Amended Motion to Compel Appraisal and Abate All Proceedings was timely filed.  (Doc. 20).  In reaching this conclusion, the Undersigned finds that *Bullard* is instructive.  In the instant case, unlike in *Bullard*, Defendant has not filed an Answer.  As a result, the subject Motion to Compel Appraisal has arguably been filed earlier in the litigation process than it was in *Bullard*.  Furthermore, Defendant only waited thirty-six days after removal to file the Amended Motion to Compel Appraisal here, (*see* Doc. 1; Doc. 20), while in *Bullard*, the Defendant filed the relevant motion forty-seven days after removal, *Bullard*, 2006 WL 2787850, at *1.  Additionally, similar to *Bullard*, Defendant has not served any written discovery, extensively litigated, or hidden its intention to invoke appraisal.  (Doc. 20 at 3).  Thus, the Undersigned concludes that the relevant facts in *Bullard* are informative in the instant case and that Defendant has not waived its right to compel appraisal based on the timing of the filing

of its Motion.  Instead, the Undersigned finds that the present Motion to Compel Appraisal was timely filed to invoke the appraisal process.

Second, Defendant has not acted inconsistently with the appraisal remedy or its rights under the policy at issue.  Specifically, the Undersigned finds that Defendant's decision to file the Motion to Strike damages before the Motion to Compel Appraisal was designed to inform the scope of damages for purposes of the appraisal process.  (*See* Doc. 30 at 3).  Additionally, Defendant's choice to proceed with filing its Motion to Dismiss or, in the Alternative, Motion for More Definite Statement and to Strike Demands for Damages for Lost [sic] of Market Value [and] for Attorney's Fees thirty-six days before filing the Amended Motion to Compel Appraisal was likely informed by the need to comply timely with Federal Rule of Civil Procedure 12(a)-(b), (h).  The Undersigned finds that Defendant's attempt to narrow the requested damages before initiating the appraisal process, while simultaneously complying with Rule 12, is not inconsistent with the appraisal remedy.

In sum, the Undersigned concludes that Defendant has not acted inconsistently with the appraisal process.  The Motion should not be denied on this ground.

**B.     Whether Appraisal Is Unnecessary or Impossible Because the Subject Property Was Sold**

In this matter, the parties do not dispute that Plaintiff sold the subject property before Defendant invoked the appraisal remedy under the policy.  (*See* Doc. 27 at 3; Doc. 30 at 4).  The parties disagree, however, on what effect the sale of the property has on the appraisal provision.

Plaintiff argues that appraisal has become unnecessary and impossible because the subject property was sold before Defendant invoked appraisal and because Plaintiff does not know the current condition of the subject property.  (Doc. 27 at 3).  To support its position, Plaintiff relies on *Johnson v. Safeco Insurance Co. of Indiana*, 240 F. Supp. 3d 555, 559 (N.D.

8

Tex. 2017), in which the insurer concluded that appraisal was unnecessary upon learning that the insureds had sold the subject property. (Doc. 27 at 3). Plaintiff notes that it could not find a case "involving Florida law to describe the obligations of either party, [sic] when the property has been sold before appraisal was invoked" but contends that *Johnson* supports its assertion that because the property has been sold, appraisal is now unnecessary. (*Id.* (citing *Johnson*, 240 F. Supp. 3d at 559)).

Plaintiff also argues that appraisal has become impossible because the subject property was sold before appraisal was requested. (*Id.* at 4). Plaintiff asserts that "[u]nder the doctrine of impossibility of performance or frustration of purpose, a party is discharged from performing a contractual obligation which is impossible to perform." (*Id.* (quoting *Marathon Sunsets, Inc. v. Coldiron*, 189 So. 3d 235, 236 (Fla. 3d DCA 2016))). Plaintiff argues that the sale of the subject property created an impossibility rendering the appraisal provision of the contract impossible to perform. (*Id.*).

In reply, Defendant argues that *Johnson* is factually distinguishable from the instant case. (Doc. 30 at 6). Defendant specifically notes that the insurer in *Johnson* concluded appraisal was unnecessary because unlike the property in the instant case, the property in *Johnson* was sold and subsequently destroyed. (*Id.* (citing *Johnson*, 240 F. Supp. 3d at 559)). Moreover, Defendant contends that Plaintiff relies on dicta. (*Id.* (citing *Johnson*, 240 F. Supp. 3d at 559-69)). Defendant therefore argues that this Court should not be persuaded by Plaintiff's arguments. (*Id.*).

As to impossibility, Defendant asserts that an appraisal can still be conducted regardless of whether the new owner of the subject property grants the appraisers access. (*Id.* at 5). More specifically, Defendant asserts that Plaintiff misunderstands the appraisal process because

9

adequate documentation of the property damage exists to complete an appraisal. (*Id.*). Defendant states that the documentation from its initial inspection, secondary inspection, and any documentation held by Plaintiff will be sufficient to conduct an appraisal. (*Id.*). Additionally, Defendant argues that there is no confirmation that the new owner has altered the property or will refuse to allow an inspection. (*Id.*).

After careful review of the parties' arguments, the Undersigned finds that Plaintiff has not shown that appraisal is either unnecessary or impossible. First, with regard to whether appraisal is unnecessary, the Undersigned finds Plaintiff's argument unpersuasive. Plaintiff's reliance on *Johnson* is misplaced because *Johnson* is factually distinguishable from the present case. In *Johnson*, the court granted in part and denied in part the insurer's motion for summary judgment. 240 F.Supp. 3d at 569. In discussing the factual history, the court noted that the insureds had demanded appraisal of their home after they sold it. *Id.* at 559. Upon learning that the insureds had sold their home, however, the insurer decided that appraisal was unnecessary, and the insureds never moved to compel appraisal after the insurer concluded it was unnecessary. *Id.* Importantly, *Johnson* did not address the issue of whether appraisal could be compelled once a property is sold. *Id.* at 559-69. Instead, the issue was only discussed in dicta unrelated to the motion for summary judgment. *Id.* The Undersigned finds, therefore, that *Johnson* is unpersuasive in resolving the instant Motion because it does not address the specific issues facing this Court.

Plaintiff cites no other authority in support of its proposition that appraisal is unnecessary in the instant case. (Doc. 27 at 3). The Undersigned finds that in addition to being mandated under the subject insurance policy, appraisal has the potential to expedite the resolution of the

parties' dispute. Accordingly, the Undersigned finds that Plaintiff has failed to show that appraisal in the instant case is unnecessary.

Second, Plaintiff has not shown that appraisal is impossible. As an initial matter, Plaintiff has not offered evidence showing that the new owner is unwilling to allow an inspection. (*See* Doc. 27). This alone is enough to show that Plaintiff has not demonstrated that appraisal is impossible. Moreover, Plaintiff has not confirmed whether the subject property has been altered. (*See id.*). As a result, the Undersigned has no evidence suggesting that the property has been materially altered in some way. Finally, Plaintiff has offered no response to Defendant's contention that appraisal can be completed using only documentation. As a result, the Court cannot find that appraisal is impossible at this time.

In sum, Plaintiff has not shown that appraisal is unnecessary or impossible. The Undersigned, therefore, cannot recommend denial on this basis.

### C. Conclusion

Plaintiff offered two reasons why appraisal should not be compelled in the instant case. Neither is persuasive. The Undersigned therefore recommends the enforcement of the appraisal provision. Moreover, because Plaintiff has not objected to the terms of the provision, the Undersigned recommends that appraisal of the subject property proceed in the manner prescribed by the insurance policy.

### IV. Case Management Issues

In addition to seeking appraisal, Defendant also requests that the Court abate all proceedings in this action pending completion of the appraisal under the terms set forth in the insurance policy. (Doc. 20 at 5). The Undersigned finds that good cause exists to abate all

proceedings pending appraisal because appraisal is likely to narrow the issues before the Court. The Undersigned therefore recommends that this action be abated pending the appraisal process.

Finally, the Undersigned recommends that the parties be required to file a joint status report every ninety (90) days until the completion of the appraisal indicating the status of the appraisal process. Following completion of the appraisal, the Undersigned recommends that the parties file an appropriate notice with the Court.

## CONCLUSION

In sum, for the reasons stated above, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1) Defendant's Amended Motion to Compel Appraisal and Abate All Proceedings Pending Completion of Appraisal (Doc. 20) be **GRANTED**.

2) The parties be ordered to obtain expeditiously an appraisal in the manner prescribed by the appraisal provision of the subject insurance policy.

3) This action be abated pending completion of the appraisal process.

4) The parties be ordered to file a joint status report every ninety (90) days advising the Court of the status of the appraisal process.

5) The parties be ordered upon completion of the appraisal process to file an appropriate notice with the Court.

Respectfully recommended in Chambers in Fort Myers, Florida on August 21, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties